# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DARNELL DWIGHT SMITH, #27235-078** § | |
| § | |
| VS. § | **CIVIL NO. 4:21cv96** |
| § | **CRIMINAL NO. 4:17cr25(4)** |
| **UNITED STATES OF AMERICA** § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Darnell Dwight Smith ("Movant"), proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the case, the Court recommends the § 2255 motion be denied.

### I. PROCEDURAL BACKGROUND

On August 9, 2017, a grand jury in the Eastern District of Texas charged Movant and four co-defendants in a Superseding Indictment with conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, cocaine base, and marijuana ("Count One"), in violation of 18 U.S.C. § 846, from January 1, 2012 to August 9, 2017. Crim. ECF (Dkt. #53).[1] On December

---

[1] When referring to documents in the underlying criminal case, the Court will cite to it as Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #53). When referring to documents in the instant § 2255 civil motion, the Court will cite to it simply by the relevant docket number, i.e., (Dkt. #1).

28, 2017, Movant pled guilty to Count One of the Superseding Indictment pursuant to a non-binding written plea agreement. Crim. ECF (Dkt. #153). The Presentence Report ("PSR") issued four months later, on May 16, 2018, Crim. ECF (Dkt. #240), and only after receiving the PSR did Movant, through his counsel, file a motion to withdraw his guilty plea on May 22, 2018. Crim. ECF (Dkt. #255). Movant also filed a *pro se* motion to withdraw his guilty plea. Crim. ECF (Dkt. #261). A hearing was conducted on June 6, 2018, concerning Movant's motion to withdraw his guilty plea, Crim. ECF (Dkt. #269), and the Magistrate Judge issued a Report and Recommendation recommending denial on June 22, 2018 ("June 22 Report"). Crim. ECF (Dkt. #271). Movant filed objections to the Report and also asked for a hearing and for reconsideration. Crim. ECF (Dkt. #279). On November 9, 2018, the Magistrate Judge then issued a second Report and Recommendation in which she recommended the motion to reconsider and request for a hearing also be denied ("November 9 Report"). Crim. ECF (Dkt. #284). Movant then filed objections to the second Report and Recommendation. Crim. ECF (Dkt. #285). On December 4, 2018, the District Court overruled the objections, adopted the Reports and Recommendations, and denied Movant's motion to withdraw his guilty plea after considering the *Carr* factors,[2] his motion to reconsider such denial, and his request for a hearing. Crim. ECF (Dkt. #288).

On December 10, 2018, the District Court imposed a sentence of two hundred sixty-two months' imprisonment, followed by a five-year term of supervised release. Crim. ECF (Dkt. #291). Movant filed a direct appeal, asserting that the District Court erred by (1) refusing to allow him to

---

[2]To determine whether a defendant may withdraw a plea of guilty prior to sentencing, the court must consider (1) whether the defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

withdraw his guilty plea and (2) imposing special conditions of supervised release in the written judgment that were not pronounced at sentencing. Crim. ECF (Dkt. #310-1). On December 10, 2019, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") found that the District Court properly considered the *Carr* factors, and agreed that the factors weighed against granting withdrawal. *Id*. at 2. It dismissed Movant's remaining issue as it was barred by Movant's knowing and voluntary plea of guilty. *Id*. Finding no abuse of discretion, the Fifth Circuit affirmed in part, and dismissed in part. *Id*.

Movant filed the instant § 2255 motion on January 25, 2021,[3] claiming that he is entitled to relief based on ineffective assistance of counsel in two instances. (Dkt. #1). The Government filed a Response (Dkt. #9), arguing that Movant fails to show any constitutional violations, to which Movant filed a Reply (Dkt. #11).[4]

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United*

---

[3]Movant's motion is deemed file the date he placed it in the prison mail system pursuant to the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4]In his Reply, Movant essentially disagrees with the Government's Response and argued that he is entitled to an evidentiary hearing. (Dkt. #11).

3

*States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged

deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

**A.    Guilty Plea**

Movant claims that his attorney, Phillip Linder ("Counsel"), was ineffective during the plea negotiation phase, which caused Movant's guilty plea to be "not knowingly, intelligently[,] and voluntarily entered." (Dkt. #2 at 6). Specifically, Movant asserts that Counsel told him he would be "freed" if he cooperated with agents and accepted the Government's plea agreement. *Id*. at 7.

In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his actions, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). In this case, Movant alleges that Counsel's statement that he would be "freed" if he agreed to the Government's plea agreement "grossly under represented" Movant's guideline range of imprisonment. (Dkt. #2 at 2). He continued, "Minimally competent counsel would have recognized that Mr. Smith faced a 10-year mandatory minimum and his guideline range would be based on a base offense level of at least 32, corresponding to the relevant conduct set forth in discovery materials." *Id.* at 8.

The Court agrees that an effective attorney would know the correct guideline range. The record reflects, however, that not only did Counsel know the correct range, but Movant did so as well. A close review of the record shows that the punishment range was clearly outlined in Movant's plea agreement: not less than ten years and not to exceed life. Crim. ECF (Dkt. #153 at 2). The plea

5

agreement also states:

> <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule Cr-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum</u>. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. *No other promises have been made or implied.*

*Id*. at 6 (emphasis added). It further states, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id*. at 5. The plea agreement also advises that Movant's sentence would be imposed by the District Court after consideration of the United States Sentencing Guidelines, which are not binding on the Court, but are advisory only. *Id*. at 2.

Additionally, the transcript from Movant's plea hearing shows that Movant knew his sentence would be not less than ten years nor more than life. Crim. ECF (Dkt. #266 at 11-12). After the Assistant U.S. Attorney advised Movant of the ten-years-to-life punishment range, Movant stated that he understood the range of penalties and consequences of pleading guilty. *Id*. at 12. The Court asked Movant if he understood that "any estimate you may have been provided to-date, whether that's by your counsel, the Government, Pretrial, that's all it is, an estimate, do you understand that?" *Id*. at 13. Movant responded, "Yes, I understand." *Id*. It was also explained that he would not be allowed to withdraw his plea if the sentence was higher than expected, as long as it was within the statutory maximum. *Id*. at 17. Thereafter, the Court cautioned Movant of the consequences of pleading guilty. The transcript shows that Movant acknowledged that he had read and understood the plea agreement and had no further questions, and was voluntarily entering into it. *Id*. at 20. He also agreed that he was pleading guilty knowingly, freely, voluntarily, and with the advice of

counsel. *Id*. at 21. *See United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir. 1988), *cert. denied*, 486 U.S. 1014 (1988) ("To deter abuses in the withdrawal of guilty pleas . . . and to protect the integrity of the judicial process, we have held that rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . to be binding.").

Furthermore, the Court confirmed with Movant that "no one has made any other promises or assurances to you in an effort to get you to enter a plea." *Id*. at 19. Movant affirmed that there were "no other promises and no other assurances besides what's in [the] plea agreement." *Id*. Counsel for Movant noted that Movant's only concern had been about sentencing. Counsel advised the Court that he told Movant it is impossible to predict the likely sentence. *Id.* at 20. After the Court provided Movant the opportunity to speak more in depth with his attorney, Movant confirmed that he understood the plea agreement and felt comfortable in proceeding. *Id*. at 21. He also stated that no one had attempted to force, threaten, or coerce him into pleading guilty. *Id*. Movant confirmed that he fully understood the plea agreement and that he "voluntarily and of [his] own free will [] agreed to each of [the] provisions." *Id*. Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

After conducting the plea hearing, the Court concluded in the Findings of Fact that Movant "freely, knowingly, and voluntarily" pled guilty, and that his plea did not result from "force, threats, or promises (other than the promises set forth in the plea agreement)." Crim. ECF (Dkt. #168 at 3).

To the extent that Movant's claim could be interpreted as one of an unkept promise from Counsel, a defendant may seek habeas relief on the basis of an unkept promise by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made,

and (3) the precise identity of an eyewitness to the promise. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Movant fails to meet these requirements. There is nothing in the record that supports such a claim except for Movant's own conclusory self-serving statements, which are insufficient to entitle him to habeas relief. *Ross*, 694 F.2d at 1011-12; *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990) (conclusory allegations on a critical issue are insufficient to raise a constitutional issue). While a guilty plea may be invalid if induced by a defense counsel's unkept promises, "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110.

In sum, Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the guilty plea must be upheld on federal review. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). The record shows that Movant's plea of guilty was knowing and voluntary; he fully understood his sentencing range was ten years to life. Indeed, the Fifth Circuit found that Movant's plea was knowing and voluntary. Crim. ECF (Dkt. #310-1 at 2). Movant fails to meet his burden.

B.   **Motion to Withdraw Guilty Plea**

Movant next claims that Counsel's performance was deficient in drafting the motion to

withdraw his guilty plea. Specifically, Movant claims that Counsel failed to include two important facts in the motion to withdraw: (1) that Counsel misadvised him he would be "freed" if he pled guilty; and (2) that Movant had consistently asserted his innocence. (Dkt. #2 at 13-14).

As shown above, the record contradicts Movant's assertion that Counsel misadvised Movant that he would be "freed" if he pled guilty. The record is clear: Movant's range of punishment was from ten years to life. Movant repeatedly affirmed that he understood the range. Only after Movant received a copy of the PSR did he claim that Counsel told him he would be "freed" if he pled guilty. The Magistrate Judge, who conducted Movant's initial plea hearing and the hearing on the withdrawal of his plea, found Movant accusations not to be credible. Crim. ECF (Dkt. #271 at 11). Any argument Counsel would have advanced in this vein in the motion to withdraw would have been frivolous, and Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Movant fails to show that Counsel was ineffective for failing to include this false statement.

Next, Movant claims that he had "consistently asserted his innocence" to Counsel, and Counsel should have included it in the motion to withdraw. (Dkt. #2 at 14). Again, a close review of the record contradicts Movant's claim. In his plea agreement, Movant states that he is guilty. Crim. ECF (Dkt. #153 at 1). In his Factual Basis, Movant states that he is guilty. Crim. ECF (Dkt. #155). Specifically, he stated that he "knowingly and intentionally joined in the agreement with the intent to further it." *Id*. at 2. He further admitted:

> a. On or about July 12, 2012, [Movant] traveled to Shreveport, Louisiana from Sherman, Texas to purchase cocaine. On that date, two firearms, $6000 in U.S. Currency, black digital scales, and a silver mixing utensil were found in a hidden compartment in [Movant's] vehicle.

> b. On or about August 9, 2017, in Grayson County, Texas approximately 146 grams of a mixture or substance containing a detectable amount of methamphetamine and approximately 450 grams of a mixture or substance containing a detectable amount of cocaine, and approximately 22 grams of cocaine base were located during the execution of a search warrant at 3112 Versailles in Sherman, Texas. The methamphetamine and cocaine belonged to [Movant], who had instructed Candice Walker to get rid of it shortly before the search warrant was executed.
>
> c. Throughout the course of the conspiracy, [Movant] possessed with the intent to distribute and distributed at least 500 grams of methamphetamine 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and at least 280 grams of cocaine base.

*Id*. Furthermore, at his plea hearing, Movant told the Court that he is guilty of the charge against him, that everything in his Factual Basis was true and correct, and that he conspired "to distribute cocaine base, methamphetamine, [and] marijuana." Crim. ECF (Dkt. #266 at 27-31). The Fifth Circuit noted, "we give the statements during the colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions." *United States v. Cothran*, 302 F.3d 279 (5th Cir. 2002) (when defendant argued that his plea was not voluntary, the court compared defendant's current position and noted that it flatly contradicts the earlier statements made at the plea colloquy and denied relief). Movant presents no compelling explanation for the contradiction. *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction").

As noted in the District Court's Order Adopting, Movant vaguely alleged innocence for the first time during his testimony at the hearing on his motion to withdraw, stating, "I know I'm innocent." Crim. ECF (Dkt. #288 at 2). This assertion was not included in his briefing – it came only after receiving a copy of the Government's response to Movant's motion to withdraw. In

applying the first of the *Carr* factors, the Government noted in its response that Movant did not assert his innocence. *See* Crim. ECF (Dkt. #267 at 3). At the motion to withdraw hearing, Movant stated, "I felt like I was innocent," and on cross examination, he stated, "I'm not guilty." *See* Crim. ECF (Dkt. #288 at 4). After further questioning by the Court, Movant said that he testified at the plea hearing that he was guilty "[b]ecause my lawyer said just go along with everything, it will be okay." *Id*. at 5. His response as to why he waited five months to assert his innocence was that he didn't understand the plea. *Id*. The District Court noted that, "[a]t no point during [Movant's] first hearing did he testify that the drugs were not his and/or that they were planted by a confidential informant." *Id*. Additionally, it noted that, "[a]side from asserting in a conclusory fashion that he is innocent and would testify to same, [Movant] has proffered no additional evidence to support his claim of actual innocence." *Id*. at 7. Without evidence in support, "the mere assertion of legal innocence would always be a sufficient condition for withdrawal, and withdrawal would effectively be an automatic right." *Carr*, 740 F.2d at 344.

The District Court, after conducting a *de novo* review, concluded that the findings and conclusions of the Magistrate Judge were correct; accordingly, it overruled Movant's objections and adopted both the June 22 Report (recommending denial of Movant's motion to withdraw guilty plea) and the November 9 Report (recommending denial of Movant's motion to reconsider the motion to withdraw and request for an evidentiary hearing) as the findings and conclusions of the Court. It denied the motion to withdraw the plea of guilty, the motion to reconsider his motion to withdraw the guilty plea, and his request for another hearing on the matter. Crim. ECF (Dkt. #288 at 10).

In sum, Movant fails to show that Counsel was deficient for not stating that Movant had always asserted his innocence in the motion to withdraw his guilty plea. There is simply no evidence

of Movant asserting his innocence until after he received the Government's response in which it applied the first of the *Carr* factors – whether Movant asserted actual innocence. In any event, the Court fully considered Movant's late claim of innocence and found it to be without merit. Crim. ECF (Dkt. #288 at 6-8). Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch*, 907 F.2d at 527.

When a defendant pleads guilty, as in this case, he must further show that, but for his attorney's alleged deficient performance, he would have taken his chances at trial. *Hill*, 474 U.S. at 57-59; *Strickland,* 466 U.S. at 694. In other words, a movant must show that going to trial would have given him an objectively "reasonable chance of obtaining a more favorable result" than that which he received by pleading guilty. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc). A "court's prediction about whether the defendant had a reasonable chance of obtaining a more favorable result should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker." *Id*. (internal quotation marks omitted) (citations omitted). In assessing whether a movant has demonstrated prejudice, courts consider the totality of the circumstances. *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014). While Movant may have shown a willingness to go to trial, as evidenced by his motion to withdraw his guilty plea, he claims he was prejudiced because the District Court denied his motion to withdraw. To show prejudice under the *Strickland* standard, Movant must have shown that, had he gone to trial, there was an objectively "reasonable chance of obtaining a more favorable result" than he received from pleading guilty. *Batamula*, 823 F.3d at 240; *Strickland*, 466 U.S. at 694 (must show there is a reasonable probability that the result of the proceeding would have been different). Movant fails to meet his burden.

## IV. **EVIDENTIARY HEARING**

Finally, in his Reply brief, Movant asks for an evidentiary hearing. (Dkt. #11). Evidentiary hearings, however, are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255 Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th Cir. 1989). Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988). *See also Townsend v. Sain*, 372 U.S. 293, 312 (1963). "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Wilson*, 825 F.2d at 880.

In two issues, Movant asserts his constitutional right to effective assistance of counsel was violated. As shown above, however, he fails to meet his burden in showing he is entitled to any relief. The record is clear on both of these issues. Accordingly, Movant fails to show that he is entitled to an evidentiary hearing. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

## V. **CONCLUSION**

In each of Movant's ineffective assistance of counsel claims, he fails to show that Counsel performed deficiently or that there is a reasonable probability that, but for Counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Hill*, 474 U.S. at 57-59. In conclusion, Movant fails to show that he suffered a constitutional right violation. As a result, the § 2255 motion should be denied. Movant also fails to show he is entitled to an evidentiary hearing.

## VI. **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the District Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

14

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the District Court find Movant is not entitled to a certificate of appealability.

## VII. <u>RECOMMENDATION</u>

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, and the case be **DISMISSED** with prejudice. It is also recommended a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the District Court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE